```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

TINA MARIE TRAVAGLIO,

      Plaintiff,

v.                                    CASE NO:  8:10-cv-1311-T-33AEP

AMERICAN EXPRESS COMPANY, et al.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants American Express Company and American Express Travel Related Services Company, Inc.'s Motion to Dismiss Complaint (Doc. # 10), Defendant Catalyst Health Solutions, Inc.'s Motion to Dismiss Complaint and to Quash Service of Process (Doc. # 15), and Defendant Bank of Newport's Motion to Dismiss (Doc. # 25). Plaintiff Tina Marie Travaglio filed responses thereto (Docs. # 12, 28 and 29, respectively).

**I.   Background**

Ms. Travaglio alleges that American Express Company issued her an Accidental Disability Plan on August 1, 2003. Complaint, ¶ 8.  Ms. Travaglio subscribed to this Plan and regularly paid the premium charges that were added to her monthly American Express statement.  Id. at ¶ 9.  Those premiums were then allegedly remitted to the Bank of Newport,

as trustee. Id. Further, that on December 7, 2004, while driving a rental car to Fort Myers International Airport, a pickup truck struck her vehicle from behind, which caused Ms. Travaglio to suffer injuries that prevented her from working for the next year. Id. at ¶¶ 15-17. Ms. Travaglio applied for the Plan's $1 million benefit under the insurance contract on December 7, 2005. Id. at ¶ 11. American Express did not deny or pay her claim until around June 2008. Id. at ¶ 12. Ms. Travaglio also alleges that she "settled her differences" with the insurer (not American Express) in September 2009 after filing a previous suit in this Court. Id. at ¶ 14.[1]

Concerning her claim for the policy amount against American Express, Ms. Travaglio states that American Express initially responded that she was not eligible for coverage, id. at ¶ 13, and that she received "deliberate and misleading claim information and excessive discovery demands from claim representatives of defendant American Express Company which badgered plaintiff with copious documents." Id. at ¶ 18. Moreover, Ms. Travaglio alleges that as a result of "claim

---

[1] Ms. Travaglio filed a class action complaint against the Defendants in this action, Chubb & Sons, and Federal Insurance Company. See Case No. 8:09-cv-1961-T-33TBM. Plaintiff never served American Express in that action, and that action was dismissed on April 15, 2010.

2

adjustment and delaying tactics," she experienced mental anguish and pain and suffering. Id. at ¶ 25.

Ms. Travaglio filed her Complaint in this action on June 9, 2010, with a single count titled as follows:

> Count 1 - Deception, Fraud, Bad Faith, Conspiracy
> Florida Statutes 624.155(b), et al.

Id. at p. 4.

## II. Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); Twombly, 127 S. Ct. at 1968-69). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)(quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

### III. American Express's Motion to Dismiss

Defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively "American Express") moves this Court to dismiss the Complaint in its

4

entirety under Rule 12(b)(6) because it fails to state any claims. The Court finds that the motion is due to be granted.

Although Ms. Travaglio lists Florida Statute § 624.155(b) in the title of her claim, no such statute exists. Ms. Travaglio does not clarify her reference to this statute in any of her responses to the motions to dismiss despite the fact that the error is raised by the Defendants. The Court, therefore, construes Count I as a first-party bad faith claim under § 624.155(1)(b)[2] and finds that Ms. Travaglio fails to state a claim under this statute as she has failed to allege compliance with the statute's condition precedent, she has not alleged that American Express is an insurer, and her claim is premature.

The Court notes that, despite Count I being described in the title as a bad faith claim, Ms. Travaglio does not argue in her response that she has adequately pled a first-party bad-faith claim. Instead she counters that American Express incorrectly suggests that her claim for relief is an insurance

---

[2]Under the relevant portion of this section, an insured may bring a civil action against an insurer when the insured has been damaged based on the insurer's failure to attempt "in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests."
Fla. Stat. § 624.155(1)(b).

5

case. Ms. Travaglio goes on to describe her claim as one for "American Express's fraudulent acts of posing as an insurance company before and for years after Plaintiff's accident." Plaintiff's Response, Doc. # 12, p. 2. She explains further that she "seeks monetary relief from American Express on the theory that American Express made it to appear to Plaintiff that America [sic] Express was the insurance company based on the letters sent over the years; where American Express gave the appearance and intended to mislead Plaintiff that it was truly the insurer." Id.

Although Ms. Travaglio never specifically identifies her cause of action or addresses how the allegations in her Complaint satisfy the elements of her claim(s), she describes the "heart of the lawsuit" as "American Express was collecting inadequate premiums knowing that funds for claims were totally inadequate and hence the claim stalling of Plaintiff." Id. at p. 5. "It's a claim based on over 4-1/2 years of claim stalling, led initially by the Defendants in this action to convince Plaintiff that she had no coverage when American Express knew full well that there was coverage...." Id. at p. 6. Ms. Travaglio submits that she has sufficiently pled a claim for "excessively long and duplicative disability insurance investigations designed to wear her down" in which

6

she seeks recovery as a result of "Defendants' fraud and deceit in an unsuccessful delaying effort, not attributable to the insurer, to get [her] to drop her claim or run out the statute of limitations." Id. at p. 7.

As Ms. Travaglio's responses to the motions to dismiss are not terribly helpful to the Court in identifying her cause of action or the elements established by her Complaint,[3] the Court will examine the sufficiency of the Complaint based on the fraud and conspiracy claims named in the title of the count, having eliminated the possibility of a bad faith claim.[4]

---

[3] Like the Complaint, Ms. Travaglio's responses to the motions to dismiss speak in conclusory terms. In addition, they contain no relevant case law other than in reference to the standard on a motion to dismiss. Finally, most of the attachments to the responses appear to have been scanned as documents and not proofed as they contain nonsensical gibberish, which render them useless to the Court.

[4] Ms. Travaglio has not alleged a claim for breach of the implied warranty of good faith and fair dealing, but, to the extent applicable, the Court notes that no Florida court has explicitly held that an insured may bring a claim for breach of the implied warranty of good faith and fair dealing for an insurer's failure to investigate and assess its insured's claim within a reasonable amount of time. The Eleventh Circuit has certified the following question to the Supreme Court of Florida: "Does Florida law recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable amount of time?" See Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267, 1271 & 1274

7

In order to state a claim for common law fraud, the plaintiff must allege (1) a false statement of material fact, (2) knowledge by the person making the statement that the statement is false, (3) intent by the person making the statement that it will induce another to act on it, (4) detrimental reliance, and (5) injury. Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984). In addition, under Rule 9(b), fraud must be pled with particularity, which means that the complaint must state (1) the precise statements or omissions that the defendant made or did not make, (2) the time and place of each statement and the person responsible for making or not making the statement, (3) the content of the statements and how they misled the plaintiff, and (4) what the defendant obtained from the fraud. Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). A claim for fraud that is not pled with particularity is due to be dismissed under Rule 12(b)(6). Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009).

The Court finds that Ms. Travaglio has failed to allege any of the elements of a fraud claim. She has not identified any statement or omission any defendant made or did not make;

---

(11th Cir. 2009).

nor has she identified the "when, where, what, and how" required under Rule 9(b). Ms. Travaglio's allegations that American Express has told her that she was ineligible for coverage and provided "deliberate and misleading claim information" are inadequate to sufficiently allege a fraud claim. Complaint, ¶¶ 13 & 18. Accordingly, the fraud claim in due to be dismissed.

Likewise, this Court finds Ms. Travaglio's claim for civil conspiracy deficient. In order to state a claim for civil conspiracy, a plaintiff must allege (1) an agreement between two or more people, (2) to do an illegal act or an lawful act by illegal means, (3) an overt act in furtherance of the conspiracy, and (4) a resulting injury to the plaintiff. See Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc., 140 F.3d 898, 912 (11th Cir. 1998); Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). Ms. Travaglio has failed to plead a single element of this claim against any defendant. Accordingly, the conspiracy claim is due to be dismissed.

The Court notes that Ms. Travaglio has failed to plead the elements necessary to recover damages for mental anguish. The Florida Supreme Court has made clear that in order to recover emotional distress and mental anguish damages under §

624.155, the plaintiff must plead and prove "(1) that the bad-faith conduct resulted in the insured's failure to receive necessary or timely health care; (2) that, based upon a reasonable medical probability, this failure caused or aggravated the insured's medical or psychiatric condition; and (3) that the insured suffered mental distress related to the condition or the aggravation of the condition." Time Ins. Co., Inc. v. Burger, 712 So.2d 389, 393 (Fla. 1998)("In order for the insured to recover, these allegations will have to be substantiated by testimony of a qualified health care provider.").

Ms. Travaglio has failed to satisfy this pleading requirement despite the fact that she alleges that she experienced "mental anguish" as a result of American Express's conduct. See Complaint, ¶ 25. Accordingly, to the extent that Ms. Travaglio seeks to recover damages for mental anguish, the motion to dismiss is due to be granted.

Even if the Court were not granting American Express's motion to dismiss as to all of Ms. Travaglio's claims, the Court notes that American Express Travel Related Services Company, Inc. is due to be dismissed as a party to this action as the Complaint does not state a claim against it. The only allegations against American Express Travel are that it

10

"participated with American Express Company in promoting travel-related sales programs and is believed to have been active in the program that is the subject of plaintiff's claims." Complaint, ¶ 3. These allegations do not state a claim against American Express Travel.

## IV. Defendant Catalyst Health Solutions, Inc.'s Motion to Dismiss and to Quash Service of Process

Defendant Health Extras, Inc., now known as Catalyst Health Solutions, Inc., moves to dismiss the Complaint pursuant to Rule 12(b)(6) and argues that the only allegation in the Complaint that mentions this Defendant is found at ¶ 4, which alleges:

> Defendant HealthExtras, Inc. planned and cooperated with American Express Company in the handling of evidences of travel disability insurance to be issued by or for American Express and may have assisted in the collection and accounting of coverage fees paid through subscribers of the American Express insurance program – and can be served by and through its registered agent in Florida.

The Court finds that this allegation does not state a claim as the facts alleged fail to raise a right to relief against this Defendant above a speculative level. The Complaint fails to allege the material elements necessary to sustain recovery under the legal theories of deception, fraud, common law bad faith, conspiracy or statutory bad faith.

11

Accordingly, the Complaint is due to be dismissed as to Catalyst Health for failure to state a claim.

As the Court has determined that the Complaint is due to be dismissed as to Catalyst Health, the Court need not address the motion to quash service of process.

## V.     Defendant Bank of Newport's Motion to Dismiss

Defendant Bank of Newport argues that this Court lacks personal jurisdiction over the Bank. This Court agrees. The Court finds that the Complaint should be dismissed with prejudice in its entirety for lack of personal jurisdiction over the Bank. Ms. Travaglio has failed to allege any facts to suggest that the Bank satisfies any of the criteria set forth in Florida's Long-Arm Statute § 48.193.

In addition, the Court finds that Ms. Travaglio has failed to state a claim against the Bank. The Bank is only mentioned twice in Ms. Travaglio's Complaint. Paragraph 5 alleges:

> Defendant Bank of Newport is or was at all times pertinent hereto the Trustee of the G.A.R.D. Trust for the benefit of defendants HealthExtras, Inc. and American Express Company and may be served with process at its business address.

Paragraph 9 alleges:

> Plaintiff subscribed to the Plan and regularly had Plan premium charges added to her American Express monthly account statement who remitted the net

12

premiums to an intermediary, defendant Bank of Newport, as trustee.

There are no facts alleged in the Complaint indicating that the Bank took any actions concerning Ms. Travaglio. The Court finds that these allegations do not state a claim as the facts alleged fail to raise a right to relief against this Defendant above a speculative level. The Complaint fails to allege the material elements necessary to sustain recovery under the legal theories of deception, fraud, common law bad faith, conspiracy or statutory bad faith. Accordingly, the Complaint is due to be dismissed as to Bank of Newport for failure to state a claim.

The Court notes that Ms. Travaglio has not requested leave to amend in the event that the Court found her Complaint insufficient. In addition, it does not appear, based solely on Ms. Travaglio's three responses to the motions to dismiss, that she would be successful in amending her Complaint to state a claim that would survive a motion to dismiss. Accordingly, the Court grants the motions to dismiss with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants American Express Company and American

Express Travel Related Services Company, Inc.'s Motion to Dismiss Complaint (Doc. # 10) is **GRANTED** with prejudice.

(2) Defendant Catalyst Health Solutions, Inc.'s Motion to Dismiss Complaint and to Quash Service of Process (Doc. # 15) is **GRANTED** with prejudice.

(3) Defendant Bank of Newport's Motion to Dismiss (Doc. # 25) is **GRANTED** with prejudice.

(4) The Clerk is directed to enter a judgment of dismissal with prejudice in favor of the Defendants and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of February, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

14