UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA MARIE TRAVAGLIO,

    Plaintiff,

v.                           CASE NO:   8:10-cv-1311-T-33AEP

AMERICAN EXPRESS COMPANY, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's FRCP 59(e) and 15(a)(2) Motion for Reconsideration of the Court's Final Judgment of Dismissal with Prejudice, to Reopen this Case and to Grant Leave to Amend the Complaint (Doc. # 46). Defendant Bank of Newport's filed a Response in Opposition thereto (Doc. # 47), Defendants American Express Company and American Express Travel Related Services Company, Inc. filed a Memorandum in Opposition thereto (Doc. # 48), and Defendant Catalyst Health Solutions, Inc. filed an Opposition thereto (Doc. # 50). For the reasons that follow, the Court denies the motion.

**I.   Background**

Travaglio filed her Complaint in this action on June 9, 2010, with a single count titled as follows:

> Count 1 - Deception, Fraud, Bad Faith, Conspiracy
>     Florida Statutes 624.155(b), et al.

Doc. # 1 at 4. Each of the three Defendants filed a motion to dismiss. The Court subsequently entered an Order granting the motions to dismiss pursuant to Rule 12(b)(6) with prejudice and finding that "[t]he Complaint fails to allege the material elements necessary to sustain recovery under the legal theories of deception, fraud, common law bad faith, conspiracy or statutory bad faith." Doc. # 42 at 11, 13. In addition, this Court granted the Bank's motion to dismiss pursuant to Rule 12(b)(2) finding that there was no personal jurisdiction over the Bank as Travaglio had failed to allege any facts to suggest that the Bank satisfied any of the criteria set forth in Florida's Long-Arm Statute § 48.193. Id. at 12. The Court noted that Travaglio had not requested leave to amend in the event that the Court found her Complaint insufficient. Id. at 13. In addition, the Court found that it did not appear, based solely on Travaglio's three responses to the motions to dismiss, that she would be successful in amending her Complaint to state a claim that would survive a motion to dismiss. Id. Accordingly, the Court granted the motions to dismiss with prejudice.

Travaglio now seeks reconsideration of the Court's Order pursuant to Rules 59(e) and 15(a)(2), Fed. R. Civ. P.

Travaglio argues that keeping the case closed will create a manifest injustice in that "attempts to refile may surface time limitation and res judicata defenses, not applicable in the present case." Doc. # 46 at 3. Travaglio claims that she has taken steps to cure the conditions that led to "submission of admittedly substandard pleadings by purchasing better equipment and increasing study time of the court's rules." Id. at 4. Finally, Travaglio claims that she is looking for associate counsel to partner in this action, which should assure "that future filings will be in conformance with the rules and that plaintiff's case will progress in a manner expected by the court." Id.

## II. Motion for Reconsideration

### A. Standard of Review

A motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its prior decision and set

3

forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at *9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (citation omitted).

**B. Analysis**

Travaglio does not assert that there has been an intervening change in the law and presents no new evidence.

4

Travaglio only conclusively states that the dismissal "will create a manifest injustice against plaintiff in that attempts to refile may surface time limitation and res judicata defenses." Doc. # 46 at 3. In addition, Travaglio has not presented any evidence or argument regarding what claims she would bring, if permitted leave to amend, that would survive a motion to dismiss. As such, Travaglio has failed to establish a ground for reconsideration and has failed to "strongly convince" the Court that it should reconsider its Order. Accordingly, the Court denies the Motion for Reconsideration.

**III. Motion to Amend**

    **A. Standard of Review**

"The court should freely give leave when justice requires." Fed. R. Civ. 15(a)(2). However, a motion to amend may be denied on numerous grounds including undue delay, bad faith or dilatory tactics, undue prejudice to defendant and futility. <u>Foman v. Davis</u> 371 U.S. 178, 182 (1962); <u>Maynard v. Bd. of Regents</u>, 342 F.3d 1281, 1287 (11th Cir. 2003); <u>Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.</u>, No. 2:04-cv-26-FtM-29DNF, 2006 WL 1733860, at *2 (M.D. Fla. June 21, 2006). A decision whether to grant or deny a motion for leave to file an amended complaint is within the sound

discretion of the district court.  Foman, 371 U.S. at 182.

**B.    Analysis**

As the Court noted in its Order, Travaglio never requested leave to amend.  Doc. # 42 at 13.  "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002).  This Court dismissed the Complaint with prejudice because it did not believe there to be any facts upon which Travaglio could assert any claims.  Travaglio has failed to assert any cause of action that she wishes to add or any facts supporting the causes of action previously pled.  Accordingly, the Court denies the Motion to Amend.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's FRCP 59(e) and 15(a)(2) Motion for Reconsideration of the Court's Final Judgment of Dismissal with Prejudice, to Reopen this Case and to Grant Leave to Amend the Complaint (Doc. # 46) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th

day of October, 2011.

Copies:

All Counsel of Record

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE