UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA MARIE TRAVAGLIO,

    Plaintiff-Appellant,
v.                          Case No. 8:10-cv-1311-T-33AEP

AMERICAN EXPRESS COMPANY, ET AL.,

    Defendants-Appellees.
_____/

**ORDER**

This matter comes before the Court pursuant to the Eleventh Circuit's Limited Remand Order issued March 1, 2013. (Doc. # 56). For the reasons that follow, Plaintiff-Appellant Tina Marie Travaglio is directed to submit a response to the jurisdictional questions reproduced in this Order on or before March 21, 2013. Furthermore, if Defendants-Appellees American Express Company, American Express Travel Related Services Company, Inc. (together, "American Express"), HealthExtras, Inc.,[1] or Bank of Newport wish to submit any additional information for consideration regarding the jurisdictional questions, they are directed

---

[1] During the course of this action, HealthExtras, Inc. has also been known as Catalyst Health Solutions, Inc. (Doc. # 15 at 1) and is currently known as Catamaran Health Solutions, LLC (Am. Ex. Resp. at 2). In the interest of clarity, the entity is referred to as HealthExtras throughout this Order.

to do so on or before March 21, 2013. If no additional information is submitted by Defendants-Appellees, the Court will rely on the response submitted to the Eleventh Circuit by American Express and HealthExtras on November 8, 2012 (Am. Ex. Resp.), and the response submitted to the Eleventh Circuit by Bank of Newport on November 14, 2012 (Bank Resp.), to determine citizenship of the parties.

**Discussion**

On June 9, 2010, Travaglio filed a one count complaint against Defendants-Appellees. (Doc. # 1). The single count was titled "Count 1 - Deception, Fraud, Bad Faith, Conspiracy Florida Statutes 624.155(b), et al." (Id. at 4). American Express and Bank of Newport moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. ## 10, 25), and HealthExtras moved to dismiss the complaint and to quash service of process (Doc. # 15). Travaglio filed responses in opposition to the motions. (Doc. ## 12, 29, 28).

On February 9, 2011, the Court granted Defendants-Appellees' motions with prejudice and dismissed the case. (Doc. # 42). Travaglio filed a notice of appeal to the Eleventh Circuit on November 7, 2011. (Doc. # 52). On October 31, 2012, the Eleventh Circuit issued

jurisdictional questions to the parties to ascertain whether complete diversity exists in the case. American Express and HealthExtras responded to the jurisdictional questions on November 8, 2012. Bank of Newport filed a response to the jurisdictional questions on November 14, 2012, adopting and incorporating by reference American Express and HealthExtras' responses to the three questions. Plaintiff failed to file a response to the questions.

On its own motion, the Eleventh Circuit remanded the case to this Court "for the limited purpose of determining the citizenship of all parties at the time the action was filed." (Doc. # 56 at 2). The Court will consider responses to the jurisdictional questions in determining citizenship of the parties. The jurisdictional questions are as follows:

> 1. Address whether this case involves a "direct action against the insurer of a policy or contract of liability insurance." 28 U.S.C. § 1332(c)(1). If so, address what effect this has on the district court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a), (c)(1)(A).
>
> 2. Address whether the pleadings sufficiently alleged diversity of the parties so as to invoke the district court's subject matter jurisdiction in this case, specifically the citizenship of:
>
>> a. plaintiff Tina Marie Travaglio. 28 U.S.C. § 1332(a); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12

(11th Cir. 2011) (noting that the complaint must allege the citizenship, not residence, of individuals); AND

b. the various defendants. 28 U.S.C. § 1332(c)(1); *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 n.1 (5th Cir. 1979) (stating that a corporation is deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business, and that the plaintiffs are required to provide this information in their pleadings).

3. If diversity jurisdiction was not established in the district court, address whether an amendment of the allegations of jurisdiction is now required. 28 U.S.C. § 1653; *Mallory & Evans Contractors & Eng'rs. LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff-Appellant Tina Marie Travaglio is directed to submit a response to the jurisdictional questions reproduced in this Order on or before March 21, 2013.

(2) Defendants-Appellees are directed to submit any additional information they would like the Court to consider regarding the jurisdictional questions on or before March 21, 2013. If no additional information is submitted by Defendants-Appellees, the Court will consider the response submitted to the Eleventh Circuit by American Express and HealthExtras on

November 8, 2012, and the response submitted to the Eleventh Circuit by Bank of Newport on November 14, 2012, in determining citizenship of the parties.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>12th</u> day of March, 2013.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record