```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

TINA MARIE TRAVAGLIO,

        Plaintiff-Appellant,
v.                                    Case No. 8:10-cv-1311-T-33AEP

AMERICAN EXPRESS COMPANY, ET AL.,

        Defendants-Appellees.
_____/

**ORDER ON REMAND**

This matter comes before the Court pursuant to the Eleventh Circuit's Limited Remand Order issued March 1, 2013. (Doc. # 56). For the reasons that follow, the Court finds that although the Complaint is deficient in its jurisdictional allegations, when the record is considered in its entirety, Plaintiff-Appellant Tina Marie Travaglio is completely diverse from Defendants-Appellees American Express Company, American Express Travel Related Services Company, Inc. (together, "American Express"), HealthExtras, Inc., and Bank of Newport.[1]

**I.   Background and Procedural History**

---

[1] During the course of this action, HealthExtras, Inc. has also been known as Catalyst Health Solutions, Inc. (Doc. # 15 at 1) and is currently known as Catamaran Health Solutions, LLC (Am. Ex. Resp. at 2). In the interest of clarity, the entity is referred to as HealthExtras throughout this Order.

On June 9, 2010, Travaglio filed a one count Complaint against Defendants-Appellees. (Doc. # 1). The single count was titled "Count 1 - Deception, Fraud, Bad Faith, Conspiracy Florida Statutes 624.155(b), et al." (Id. at 4). American Express and Bank of Newport moved to dismiss the Complaint (Doc. ## 10, 25), and HealthExtras moved to dismiss the Complaint and to quash service of process (Doc. # 15). Travaglio filed responses in opposition to the motions. (Doc. ## 12, 29, 28).

On February 9, 2011, the Court granted Defendants-Appellees' motions with prejudice and dismissed the case. (Doc. # 42). Travaglio filed a notice of appeal to the Eleventh Circuit on November 7, 2011. (Doc. # 52). On October 31, 2012, the Eleventh Circuit issued jurisdictional questions to the parties to ascertain whether complete diversity exists in the case. American Express and HealthExtras responded to the jurisdictional questions on November 8, 2012. (Am. Ex. Resp.). Bank of Newport filed a response to the jurisdictional questions on November 14, 2012, adopting and incorporating by reference American Express and HealthExtras' responses to the three

questions. (Bank Resp.). Travaglio failed to file a response to the questions.[2]

The Eleventh Circuit remanded the case to this Court "for the limited purpose of determining the citizenship of all parties at the time the action was filed." (Doc. # 56 at 2). On March 12, 2013, the Court entered an Order directing Travaglio submit a response to the jurisdictional questions on or before March 21, 2013. (Doc. # 57). The Court also directed Defendants-Appellees "to submit any additional information they would like the Court to consider regarding the jurisdictional questions on or before March 21, 2013." (Id.). The Court informed the Defendants-Appellees that if no additional information was submitted, the Court would consider the response submitted

---

[2] Previously unbeknownst to the Court, Plaintiff's counsel of record, William D. Kramer, Esq., has been suspended from the practice of law by the Florida Bar. In addition, he is not currently admitted to practice in the Middle District of Florida. The Court was advised of Mr. Kramer's July 31, 2012, suspension from the practice of law on April 11, 2013, when the Court received a copy of an Order dated April 4, 2013, in case 9:12-mp-13-CED, describing Mr. Kramer's suspension from the practice of law in Florida. Among other things, that Order specified, "Mr. Kramer shall be suspended, barred, and enjoined from the practice of law before the United States Bankruptcy Court for the Middle District of Florida until such time as he has demonstrated fitness to practice before the Florida Bar and sought readmission to the United States District Court and the United States Bankruptcy Court for the Middle District of Florida." (Id. at Doc. # 10).

3

to the Eleventh Circuit by American Express and HealthExtras on November 8, 2012, and the response submitted to the Eleventh Circuit by Bank of Newport on November 14, 2012, in determining citizenship of the parties. (Id.).

Travaglio failed to comply with the Court's instructions, and the Defendants-Appellees chose not to submit additional information. "In order to provide the Plaintiff-Appellant a final opportunity to present to the Court information regarding the jurisdictional questions, as well as providing Defendants-Appellees an additional opportunity to be heard," the Court scheduled a hearing on the matter for April 1, 2013. (Doc. # 62). The Court also stated that any and all parties could appear by telephone. (Id.). Counsel for all Defendants-Appellees appeared by telephone, but neither Travaglio nor Travaglio's counsel participated in the hearing.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000, and (2) each defendant is a citizen of a state different from each plaintiff. See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247

4

(11th Cir. 2005). "When jurisdiction is based on diversity of citizenship, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979). Ordinarily, a complaint must allege the citizenship, and not the residence, of an individual. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011). However, the Eleventh Circuit has stated that "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholdt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

Furthermore, "[f]or purposes of determining diversity of citizenship a corporation is deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Am. Motorists Ins. Co., 600 F.2d at 16 n.1 (citing 28 U.S.C. § 1332(c)).

If the pleadings do not sufficiently plead jurisdiction, the allegations can be amended. 28 U.S.C. § 1653 states that: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate

5

courts." 28 U.S.C. § 1653. "[T]his section should be construed liberally. . . .[T]he section is to be construed to permit an action to be brought if it is at all possible to show that jurisdiction exists." Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) (internal citations omitted).

Where no motion to amend the pleadings is filed, the Court may still examine the entire record "for the purpose of curing a defective averment of citizenship . . . ." Sun Printing & Publishing Assoc. v. Edwards, 194 U.S. 377, 382 (1904). See also Williams v. Best Co., Inc. 269 F.3d 1316, 1320 (11th Cir. 2001) ("Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists."); Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) ("Should no . . . motion [to amend] be filed, the parties are directed to file . . .  [briefs] addressing the issue of whether the record in this case includes evidence of [the plaintiff's] citizenship and [the defendant's] citizenship at the time suit was filed . . . .").

**III. Analysis**

In her Complaint, Travaglio alleges that she is a citizen of the United States, "who at all times pertinent hereto was a *resident* of the State of Florida." (Doc. # 1 at ¶ 1) (emphasis added). The Complaint is silent as to Travaglio's citizenship. Furthermore, the Complaint does not allege sufficient facts to establish the citizenship of any of the four Defendants-Appellees. (See id.).

### A. Citizenship of Travaglio

In Travaglio's Response to Bank of Newport's Motion to Dismiss, Travaglio states that her "primary residence was and still is, Florida, although plaintiff maintained a temporary secondary residence in Ohio." (Doc. # 29 at 2). As stated above, "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citing Hendry v. Masonite Corp., 455 F.2d 955, 955 (5th Cir. 1972)). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (internal citations and quotations omitted). The Court finds it is appropriate to read Travaglio's statement that her "primary *residence*" was and still is Florida, as Travaglio's claim that her "primary

7

*home*" was and still is Florida. Because Travagalio's primary home and permanent domicile is in the state of Florida, she is also a citizen of the state of Florida. Therefore, for purposes of determining diversity jurisdiction, the Court finds that the record evidence shows that Travaglio was a citizen of Florida at the time this action was filed.

### B. **Defendants-Appellees' Citizenships**

Defendants-Appellees have presented the Court with facts proving their respective citizenships in their responses to the Eleventh Circuit's jurisdictional questions and during testimony at the hearing before this Court on April 1, 2013. Accordingly, each Defendant-Appellee's admission regarding its citizenship is now record evidence. In American Express and HealthExtra's response to the jurisdictional questions, they state that both of the American Express Defendants-Appellees are citizens of New York (Am. Ex. Resp. at 10), and that HealthExtras is a citizen of Maryland and Delaware (Id. at 11-12). In its response to the Eleventh Circuit's jurisdictional questions, Bank of Newport states that it is a citizen of Rhode Island. (Bank Resp. at 7). Each of the

Defendants-Appellees confirmed the facts concerning their citizenships at this Court's April 1, 2013, hearing.

### 1. **The American Express Defendants-Appellees**

In their response to the jurisdictional questions, American Express and HealthExtras point out that the Complaint alleges that American Express Company is a New York Corporation, and although the Complaint is silent as to the location of American Express Company's principal office, the office is, in fact, located in New York, New York. (Am. Ex. Resp. at 10). They also claim that the location of the principal office is a fact that is not subject to reasonable dispute because it is both:

> (1) generally known within the trial court's territorial jurisdiction and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Corporation Annual Report readily available on the website of the Florida Secretary of State shows its principal office at 200 Vesey Street, New York, NY. The identical information is readily available on the website of the New York Department of State Division of Corporations. This same information is also available on the 10-K Annual Report filing on the website of the U.S. Securities and Exchange Commission.

(Id. at 10-11). As American Express and HealthExtras point out, Federal Rule of Evidence 201 allows judicial notice of a fact if it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable

of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Similarly, while the Complaint does not allege either the state of incorporation or the location of the principal place of business for American Express Travel Related Services Company, Inc., that entity stipulates in its response to the jurisdictional questions "that it is a New York corporation with its principal office at 200 Vesey Street, New York, NY." (Am. Ex. Resp. at at 13). American Express and HealthExtras' response to the jurisdictional questions also states that such information "is a fact that is generally known within the territorial jurisdiction of the Middle District of Florida which can be [] accurately and readily determined from the websites of the Florida Secretary of State and New [York] Department of State Division of Corporations, whose accuracy cannot reasonably be questioned." (Id.).

Furthermore, with American Express and HealthExtras' response to the jurisdictional questions and American Express' statements at the April 1, 2013, hearing now on record, judicial notice is unnecessary to determine citizenship. See Molinos Valle, 633 F.3d at 1342-43

10

(finding that a defendant's admissions and the record evidence cured the plaintiff's pleading defect); McCurdy v. Greyhound Corp., 346 F.2d 224, 226 (3d Cir. 1965) ("Because it was clear that jurisdiction in fact existed, we permitted counsel to stipulate as authorized by 28 U.S.C. § 1653.").

Examining the entire record – including American Express and HealthExtras' response to the jurisdictional questions and American Express' testimony at the April 1, 2013, hearing before this Court – the Court finds that American Express Company and American Express Travel Related Services Company, Inc. were citizens of New York at the time this action was filed and that they are, therefore, diverse from Travaglio.

### 2. **Defendant-Appellee HealthExtras**

Even without its responses to the jurisdictional questions or its admissions at the April 1, 2013, hearing, the record contains sufficient evidence to determine the citizenship of HealthExtras at the time this action was filed. The Motion to Dismiss Complaint and Quash Service of Process filed by HealthExtras states that HealthExtras – known at that time as Catalyst Health Solutions, Inc. – "is a Delaware corporation with its principal office in

11

Rockville, Maryland." (Doc. # 15 at ¶ 16). These claims of HealthExtras' citizenship were confirmed by its response to the jurisdictional questions (Am. Ex. Resp. at 11) and by HealthExtras' testimony at the April 1, 2013, hearing. Accordingly, the Court finds that HealthExtras was a citizen of Delaware and of Maryland at the time this suit was filed and, therefore, it is diverse from Travaglio.

### 3. <u>Defendant-Appellee Bank of Newport</u>

Bank of Newport filed the Affidavit of its chief operating officer and corporate secretary, Sandra E. Pattie, with this Court on October 14, 2010. (Doc. # 25-2). Pattie states, "The Bank is incorporated and domiciled in Rhode Island only. The Bank's only locations / branches are in Rhode Island. The Bank has never maintained an office in the State of Florida." (Pattie Aff. Doc. # 25-2 at ¶ 5-7) (internal formatting omitted).

Bank of Newport also states in its response to the Eleventh Circuit's jurisdictional questions that "it is a Rhode Island citizen. It is a corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island." (Bank Resp. at 7). Bank of Newport reaffirmed the facts concerning its citizenship at the April 1, 2013, hearing before this Court. Therefore,

the Court finds that Bank of Newport was a citizen of Rhode Island at the time this suit was filed and, therefore, it is diverse from Travaglio.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

In accordance with the limited remand of the Eleventh Circuit, the Court finds that at the time the action was filed, Plaintiff-Appellant Travaglio was a citizen of Florida, Defendant-Appellee American Express Company was a citizen of New York, Defendant-Appellee American Express Travel Related Services Company, Inc. was a citizen of New York, Defendant-Appellee HealthExtras, Inc. was a citizen of Delaware and of Maryland, and Defendant-Appellee Bank of Newport was a citizen of Rhode Island. Therefore, the Court holds that at the time this action was filed, Plaintiff-Appellant Travaglio was completely diverse from every Defendant-Appellee.

As instructed by the Eleventh Circuit, the Clerk is DIRECTED to mail a certified copy of this Order on Remand, accompanied by an updated indexed district court docket sheet, to the United States Court of Appeals for the Eleventh Circuit, C/O Carol R. Lewis, Elbert Parr Tuttle

Court of Appeals Building, 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of April, 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

          United States Court of Appeals
          for the Eleventh Circuit
          C/O Carol R. Lewis
          Elbert Parr Tuttle Court of Appeals Building
          56 Forsyth Street, N.W.
          Atlanta, Georgia 30303